# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2345 | **DATE** | July 9, 2010 |
| **CASE TITLE** | Travis vs. Cermak Health Services et al | | |

**DOCKET ENTRY TEXT**

Defendants Mills and Condon's motion (Doc [39]) for summary judgment is granted. All matters in controversy having been resolved, final judgment is entered in favor of all defendants and against plaintiff.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

---

## ORDER

This matter comes before the court on the motion of the Defendants Matthew Mills and Cheryl Condon for summary judgment in their favor on the complaint of Plaintiff Lonzo Travis. For the reasons set forth below, the motion is granted.

Travis has been an inmate at the Cook County Department of Corrections ("DOC") since June 30, 2008. When he entered the DOC, he underwent a medical intake evaluation. The evaluation involves a variety of questions regarding an inmate's physical and medical history. The form used to record Travis's specifics states that, as of June 30, he was not suffering from any mental illness, he was not taking any medication, and he was not under a doctor's care. A mental health screening conducted on the same day indicated that Travis had never been hospitalized for psychiatric treatment and that he was not receiving psychiatric treatment at the time of screening.

On November 10, 2008, Defendant Mills, a psychiatrist, evaluated Travis after he reported having suicidal thoughts. After that evaluation, Mills prescribed certain medications. A week later, Defendant Condon filed a report upon which Mills relied to discontinue the medications. Subsequently, Travis received additional prescriptions. He requested and underwent a psychiatric evaluation after he requested that one be performed.

In April 2009, Travis filed the instant suit. The complaint was twice amended; in its current form it alleges that Mills and Condon failed to properly see to Travis's medical needs. Discovery has been conducted; Mills and Condon now move for summary judgment in their favor.

# ORDER

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); rather, "[a] genuine issue exists when the evidence is such that a reasonable jury could find for the non-movant." *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir. 1994). When reviewing the record we must draw all reasonable inferences in favor of the non-movant; however, "we are not required to draw every conceivable inference from the record–only those inferences that are reasonable." *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991).

Travis's cause of action is founded in 42 U.S.C. § 1983, which provides for liability for any person acting under color of state law who deprives another of rights secured by the Constitution or laws of the United States. Travis contends that Mills and Condon deprived him of his right to receive adequate medical care while in the custody of the state, a right derived from the guarantees of the Eighth and Fourteenth Amendments to the U.S. Constitution. *See Minix v. Canarecci*, 597 F.3d 824, 830-31 (7th Cir. 2010).

In order to establish liability on his claim, Travis must demonstrate that he was harmed in a way that was objectively serious and that the harm was precipitated by something that posed a substantial risk to his health or safety, and that Mills and Condon were deliberately indifferent to that risk. *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). In cases where the record is devoid of any evidence that correction officials were aware of a likelihood that a detainee posed a danger to himself, there is no ground for liability under § 1983. *Id.* at 761. In this case, Travis has offered no evidence that any risk to his health or safety was present, let alone that Mills or Condon were aware of such a risk. Rather, the only evidence offered demonstrates that Travis has received treatment that was discontinued at a later date. That is insufficient to show an unconstitutional deprivation of adequate medical care. Accordingly, Condon and Mills are entitled to summary judgment in their favor on the allegations contained within Travis's complaint.

**Dated:   July 9, 2010**

**CHARLES P. KOCORAS**
**U.S. District Court Judge**